# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                **PLAINTIFF**

v.           No. 4:19-cr-530-DPM-1

**CANTRAL HUGGINS**                    **DEFENDANT**
Reg. No. 22263-009

## ORDER

Huggins moves to reduce his sentence based on amendments to the Sentencing Guidelines. When he was sentenced, he received two criminal history status points because he was on parole when he committed his new crime. He wouldn't receive any status points under the amended Guidelines. This change affects Huggins's advisory guideline range. He is now in criminal history category III. The United States opposes the motion.

Huggins waived his right to seek a sentence reduction under 18 U.S.C. § 3582(c)(2). At his plea hearing, and at the Court's request, the United States outlined all the key terms of the plea agreement, including the waiver of the right to seek a sentence reduction. Huggins responded that this was the deal he'd made. He is an educated person, and confirmed that he had read the whole agreement "about a hundred times," reviewed it with his lawyer, and understood all of it. Plus, he received a significant benefit in entering into this agreement: the

United States dismissed count twelve of the Indictment, which carried a mandatory five-year sentence consecutive to the sentence he received for the drug conspiracy.

Huggins's waiver was knowing and voluntary and the Court finds that enforcing the waiver doesn't result in a miscarriage of justice. His motion, *Doc. 321*, is denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

21 May 2024